## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LINDA S. WATKINS
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:14-cv-514

Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final

decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application

for disability insurance benefits (DIB). This matter is before the Court on plaintiff's Statement

of Errors (Doc. 6), the Commissioner's response in opposition (Doc. 11), and plaintiff's reply

memorandum (Doc. 12).

## I. Procedural Background

Plaintiff filed an application for DIB in July 2008, alleging disability since March 1,

2008, due to dizziness - possible stroke, back pain, spasms, leg pain, arthritis, knee pain, heel

injury, back injury, borderline diabetes, high blood pressure, loss of 80% of her vision, and

vertigo. (Tr. 303). Plaintiff's application was denied initially and upon reconsideration.

Plaintiff, through counsel, requested and was granted a *de novo* hearing before administrative law

judge (ALJ) Paul Yerian. Plaintiff and a vocational expert (VE) appeared and testified at the

ALJ hearing. On January 4, 2011, ALJ Yerian issued a decision denying plaintiff's DIB

application. Plaintiff's request for review by the Appeals Council was granted.

On remand, the Appeals Council vacated the ALJ's decision and remanded the matter to

the ALJ in August 2012 for further proceedings. The Appeals Council determined that ALJ

Yerian's finding that plaintiff could perform her past relevant work as a sales agent, which

requires the ability to frequently finger and feel, was inconsistent with her residual functional

capacity limiting her to occasional fingering and feeling. The Appeals Council further noted

that the VE did not disclose which of plaintiff's acquired skills were transferable and directed the

ALJ to obtain this testimony on remand. (Tr. 148). ALJ Deborah Smith was assigned to this

matter on remand and a hearing was held on January 10, 2013. ALJ Smith issued a decision on

February 4, 2013, denying plaintiff's applications for benefits. (Tr. 12-25). Plaintiff's request

for review by the Appeals Council was denied, making the decision of ALJ Smith the final

administrative decision of the Commissioner.

## II. Analysis

### A. Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable

physical or mental impairment that can be expected to result in death or that has lasted or can be

expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A).

The impairment must render the claimant unable to engage in the work previously performed or

in any other substantial gainful employment that exists in the national economy. 42 U.S.C. §

423(d)(2).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation

process for disability determinations:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or
mental impairment – *i.e.*, an impairment that significantly limits his or her

2

physical or mental ability to do basic work activities – the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled.   If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing §§ 404.1520(a)

(4)(i)-(v), 404.1520(b)-(g)).   The claimant has the burden of proof at the first four steps of the

sequential evaluation process.  *Id.*; *Wilson* v. *Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir.

2004).   Once the claimant establishes a prima facie case by showing an inability to perform the

relevant previous employment, the burden shifts to the Commissioner to show that the claimant

can perform other substantial gainful employment and that such employment exists in the

national economy.   *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir.

1999).

### B.    The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of

fact and conclusions of law:

1. The [plaintiff] meets the insured status requirements of the Social Security Act through September 30, 2013.

2. The [plaintiff] has not engaged in substantial gainful activity since March 1, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The [plaintiff] has the following severe impairments: vertigo, non-insulin dependent diabetes mellitus, cervical spine degeneration with canal stenosis, right

3

knee and right shoulder degenerative changes, moderate obstructive lung disease, fibromyalgia, and obesity (20 CFR 404.1520(c)).

4. The [plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the [ALJ] finds that the [plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with the following limitations: she could lift and/or carry up to 10 pounds occasionally and up to 5 pounds frequently. She could sit for approximately 6 hours in an 8-hour workday and stand/walk for about 4 hours in an 8-hour workday. She could occasionally climb stairs. She could occasionally engage in manipulative activities, such as fingering and feeling. She should rarely bend, twist, crouch and/or squat, and never climb ladders or he exposed to hazards including unprotected heights and dangerous machinery.

6. The [plaintiff] is unable to perform any past relevant work (20 CFR 404.1565).

7. The [plaintiff] was born [in] . . . 1955 and was 52 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date. The [plaintiff] subsequently changed age category to advanced age (20 CFR 404.1563).

8. The [plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. The [plaintiff] has acquired work skills from past relevant work (20 CFR 404.1568).

10. Considering the [plaintiff]'s age, education, work experience, and residual functional capacity, the [plaintiff] has acquired work skills from her past relevant work that are transferable to another job that exists in significant numbers in the national economy without significant vocational adjustment (20 CFR 404.1569, 404.1569(a) and 404.1568(d)).

11. The [plaintiff] has not been under a disability, as defined in the Social Security Act, from March 1, 2008, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 15-25).

4

## C.  Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards.  *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination.  Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a [plaintiff] on the merits or deprives the [plaintiff] of a substantial right."  *Rabbers*, 582 F.3d at 651 (quoting *Bowen,* 478 F.3d at 746).  *See also Wilson*, 378 F.3d at 545-46 (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

5

**D.  Specific Errors**

On appeal, plaintiff argues that: (1) the ALJ committed vocational errors at Step Five of the sequential evaluation process; (2) the ALJ erred in weighing the medical opinion evidence; (3) the ALJ erred by failing to find that plaintiff's mental health impairments were severe; and (4) the ALJ erred in assessing plaintiff's credibility.  (Doc. 6).

1. Whether the ALJ erred at Step Five of the sequential evaluation process.

The following procedural history and background information is necessary to provide a context for plaintiff's vocational arguments.   As stated above, plaintiff initially filed her DIB claim in July 2008, which was ultimately denied by ALJ Yerian in a January 4, 2011 decision. (Tr. 128-40, 303).   ALJ Yerian found that plaintiff retained the residual functional capacity (RFC) to perform a limited range of sedentary work, including that she could only "occasionally engage in fine manipulative activities, such as fingering and feeling."  (Tr. 134).   Based on the VE's testimony, ALJ Yerian further determined that plaintiff was capable of performing her past relevant work as an insurance sales agent because this work, as she performed it at the sedentary level, did not require performance of work related activities precluded by her RFC.   (Tr. 139). The Appeals Council disagreed and remanded the matter because the Dictionary of Occupational Titles (DOT) provides that plaintiff's past relevant insurance sales agent job requires frequent fingering and feeling, which is inconsistent with the RFC formulation limiting her to occasional fingering and feeling.   (Tr. 148).   The Appeals Council further directed the ALJ to obtain testimonial evidence from the VE to support the conclusion that plaintiff has transferable skills. (*Id.*).

6

On remand, ALJ Smith held a second hearing and obtained additional VE testimony in response to the Appeals Council's directives. The VE concurred with the Appeals Council's determination that plaintiff would not be able to do her prior insurance sales agent job or any other past work given her manipulative limitations. (Tr. 66-67). In response to the ALJ's examination, the VE testified that plaintiff had retained clerical skills, such as data entry, basic bookkeeping, and recordkeeping, from her past relevant work as an administrative clerk that were transferable to other light and sedentary jobs without significant vocational adjustment in the clerical job family. (Tr. 64-65, 71). The VE testified that plaintiff's clerical skills could transfer to "a scheduler position, DOT number 238.367-022. That's a sedentary, semiskilled clerical job with occasional fingering and no feeling required." (Tr. 67). The VE further testified that there were 296 scheduler jobs in the local Cincinnati economy and 44,000 in the national economy. (Id.). The VE stated that there were no other jobs that plaintiff could perform based on transferability of skills, but that there were other unskilled clerical jobs that she could perform such as "charge account clerk, DOT number 205.367-014" which is a sedentary job not requiring frequent fingering or feeling with 200 jobs in the local economy and 33,000 in the national economy and "callout operator . . . DOT number 237.367-014", an unskilled, sedentary clerical job with 60 jobs locally and 18,000 nationally. (Tr. 67-68).

During cross-examination by plaintiff's counsel, the VE expounded on his testimony regarding the transferability of plaintiff's clerical skills to the scheduler job. The VE testified that plaintiff's prior administrative clerk job was in a similar field of work as the scheduler job and involved the use of the same materials, products, subject matter, and service. (Tr. 71-72). However, the VE further testified that:

> [t]here is always some adjustment when you take on a new job. I think it's a significant adjustment. When I say a new job, I mean a job with a new employer. And I think that is - - there is some vocational adjustment required of that. I mean, every employer is somewhat different. . . . I think there is more than very little, if any adjustment virtually any time you take a new job with - - and by that, I mean a new job title and also at a new employer. I would say it's more than very little. I don't know that it rises to the level of being significant if it falls within the same work field.

(*Id.*).

Based on the VE's testimony, the ALJ found at Step Five of the sequential evaluation process that plaintiff has transferable work skills acquired from her past relevant work as an administrative clerk that would transfer to the job of scheduler. (Tr. 24). The ALJ determined that the 296 local and 44,000 national scheduler jobs identified by the VE constituted a significant number of jobs for purposes of Social Security disability claims. (*Id.*).

Plaintiff raises several arguments in support of her claim that the ALJ committed reversible vocational errors. First, plaintiff argues that the ALJ erred under 20 C.F.R., Part 404, Subpt. P, App. 2, § 201.00(f) in finding that her acquired skills were transferable to work as a scheduler given the VE's testimony that there would be more than "very little" vocational adjustment between the two positions. Second, plaintiff contends the ALJ erred under 20 C.F.R. § 404.1565(a) in determining that plaintiff's prior insurance sales agent work was past relevant work because plaintiff performed this job more than 15 years prior to the issuance of the ALJ's decision. Third, plaintiff argues the ALJ erred in finding that the 296 local and 44,000 national scheduler jobs constituted a significant number of jobs. Lastly, plaintiff claims the ALJ's Step Five determination lacks substantial support because the hypothetical questions posed to the VE omitted established limitations resulting from her mental impairments and did not account for the limitations imposed by her treating physician. (Doc. 6 at 4-7).

8

In response, the Commissioner maintains that the ALJ did not err in assessing plaintiff's transferable skills because, contrary to plaintiff's assertion, the ALJ relied on plaintiff's past work as an administrative clerk in doing so and not on the insurance sales agent position.   The Commissioner further contends that the VE's testimony regarding the vocational adjustment between plaintiff's prior clerical work and the work as a scheduler was more nuanced than plaintiff contends.   Specifically, the Commissioner maintains that the VE testified that *any* change in employer involves some vocational adjustment but that the changes between the administrative work and the scheduler job would not be significant under the standards set by the Department of Labor.   The Commissioner also argues that the number of available scheduler jobs in the local and national economy constitute a significant number of jobs pursuant to Sixth Circuit precedent.   Lastly, the Commissioner maintains that the hypothetical questions posited by the ALJ were not improper based on the ALJ's substantially supported findings that plaintiff's mental health impairments were not severe and that her treating physician's conclusions did not accurately portray plaintiff's functional abilities.   (Doc. 11 at 3-4).

Plaintiff replies that regardless of whether her transferable skills were acquired from her past relevant administrative clerk or insurance sales agent work, the vocational adjustment to the job of scheduler is more than "very little" as required by Section 201.00(f) and, consequently, the ALJ erred in finding that plaintiff could perform this work.   Plaintiff further replies that as with her prior insurance sales agent job, her work as an administrative clerk was last performed more than 15 years before the date of the ALJ's decision.   Consequently, plaintiff maintains that it was not past relevant work under 20 C.F.R. § 1565(a) and Social Security Ruling 82-62 and the ALJ erred in relying on this evidence at Step Five of the sequential evaluation process.   Plaintiff

9

also reiterates her argument with respect to whether there are a significant number of scheduler jobs and asserts that the authority cited to by the ALJ and Commissioner is distinguishable.   For the following reasons, the undersigned finds that the ALJ's determination that plaintiff's skills are transferable lacks substantial support in the record.

For the Commissioner to find that an individual of advanced age (i.e., 55 or older) has skills transferable to skilled sedentary work, there must be very little, if any, vocational adjustment required in terms of tools, work processes or setting, or industry.   20 C.F.R. Subpart P, Appendix 2, § 201.00(f).[1]   "It is not enough . . . that the claimant possess transferable skills; their transfer must require little if any vocational adjustment."   *Burton v. Sec'y of H.H.S.*, 893 F.2d 821, 824 (6th Cir. 1990).   Social Security Ruling 82-41 further provides that to establish transferability of skills for individuals such as plaintiff, "the semiskilled or skilled job duties of their past work must be so closely related to other jobs which they can perform that they could be expected to perform these other identified jobs at a high degree of proficiency with a minimal amount of job orientation."   Soc. Sec. Rul. 82-14, 1982 WL 31389, at *5 (1982).[2]   "By imposing upon claimants unable to perform their past work the requirement that they possess transferable skills, the regulations avoid unduly burdening the unskilled and the elderly, both of whom are unlikely to succeed in finding a new line of work on the job market."   *Burton*, 893 F.2d at 823 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2 (1989)).   This is because "[a]t an

---

[1]Plaintiff was 57 years old when the ALJ issued her decision on February 4, 2013, and, accordingly, was of "advanced age," i.e., 55 years old and over.   20 C.F.R., Part 404, Subpt. P, App. 2 § 201.00(f).   *See also Varley v. Sec. of H.H.S.*, 820 F.2d 777, 780 (6th Cir. 1987) ("the claimant's age as of the time of the decision governs.").

[2]"Social Security Rulings do not have the force and effect of law, but are 'binding on all components of the Social Security Administration' and represent 'precedent final opinions and orders and statements of policy and interpretations' adopted by the Commissioner.   20 C.F.R. § 402.35(b)(1).   In *Wilson,* 378 F.3d at 549, the court refrained from ruling on whether Social Security Rulings are binding on the Commissioner in the same way as Social Security Regulations, but *assumed* that they are.   [The Court] makes the same assumption in this case." *Ferguson v. Comm'r of Soc. Sec.,* 628 F.3d 269, 272 n.1 (6th Cir.2010) (emphasis in original).

10

advanced age, a person has little time to learn a new skill and apply it to a new job, especially if that person is restricted to sedentary work by a medical disability."   *Weaver v. Sec'y of H.H.S.*, 722 F.2d 310, 312 (6th Cir. 1983).

Here, the ALJ's conclusion that plaintiff's acquired administrative skills would transfer to the job of scheduler (Tr. 24) is not supported by substantial evidence.   Although the VE initially testified that plaintiff's clerical skills could transfer to the scheduler job without significant vocational adjustment (Tr. 64-65, 71), he essentially retracted this statement when he later testified that there is always some vocational adjustment with a new job and new employer and that this adjustment is "more than very little."   (Tr. 72).   Because the VE testified that there would be "more than very little" vocational adjustment in this matter, the Commissioner failed to meet her burden of proof at Step Five of the sequential evaluation process given the requirement of § 201.00(f) that there be "very little, if any" vocational adjustment required to support a finding that plaintiff's acquired skill are transferable to the scheduler job.

To the extent the Commissioner argues against this interpretation of the testimony and argues that "under the standards set by the Department of Labor, the VE testified that any vocational changes between [p]laintiff's past relevant work and the scheduler job would not rise to the level of significant" (Doc. 11 at 3, citing Tr. 71-72), this argument is not well-taken.   The VE did not testify that the vocational changes were "not significant"; rather, the VE stated: "I don't know that [the vocational adjustment] rises to the level of being significant if it falls within the same work field."   (Tr. 72).   The VE's equivocal testimony regarding the significance of the vocational adjustment from plaintiff's past relevant work to the scheduler work does not constitute substantial support for the ALJ's Step Five determination.   *See Thornton v. Heckler*,

11

609 F. Supp. 1185, 1190 (E.D.N.Y. 1985) (holding that absent evidence contradicting the VE's testimony that the plaintiff would require more than "very little" vocational adjustment to adapt to a different position, the Commissioner failed to meet her burden of proving that plaintiff retained the RFC to perform substantial gainful activity).  *Cf. Burton*, 893 F.2d at 824; *Stephens v. Sullivan*, 792 F. Supp. 566, 570-71 (S.D. Ohio 1992).

The VE's testimony that plaintiff would experience "more than very little" vocational adjustment (Tr. 72) does not establish that plaintiff has acquired skills that are transferable with "very little, if any, vocational adjustment."  20 C.F.R. Part 404, Subpt. P, App. 2, § 201.00(f). *See* Tr. 71-72.  Even if this testimony could be interpreted to mean there would be very little, if any, vocational adjustment in transferring plaintiff's skills to the scheduler position, the ALJ nevertheless erred by relying on the VE's testimony to meet her burden of proof because the job the VE relied upon – the administrative clerk position – does not constitute past relevant work as it was performed more than 15 years prior to the date of adjudication.[3]  *See* Soc. Sec. Rul. 82-62, 1982 WL 31386, at *1-2 (1982); 20 C.F.R. § 1565(a).  *See also* Tr. 378, 390 (showing that plaintiff last worked as an administrative clerk in October 1996).  The only job identified by the ALJ as providing transferable work skills was plaintiff's job as an administrative clerk.  The Commissioner has not identified any other skills from plaintiff's prior work history that are directly transferable to other sedentary work with little, if any, vocational adjustment. Accordingly, the Commissioner has not met her burden of proof at Step Five of the sequential

---

[3]Notably, the Commissioner does not address plaintiff's argument that the ALJ committed vocational errors by relying on work that was performed more than 15 years prior to the date the ALJ issued her decision.

12

evaluation process to show that plaintiff could perform other jobs that exists in significant numbers in the national economy.[4]

Application of the appropriate rule under the medical-vocational guidelines, Grid Rule 201.06, requires a finding that plaintiff is disabled.  The Grid rules require that a person of advanced age with a high school education be found disabled unless she has acquired transferable skills as a result of her past relevant work which can be applied to other work with "very little, if any" vocational adjustment.  20 C.F.R., Part 404, Subpt. P, App. 2, §§ 201.00(f), 201.06. Because "the ALJ's determination that plaintiff's prior [administrative work] imparted transferable skills is not supported by substantial evidence, a finding of disability is required by the grids."  *Cole v. Sec'y of H.H.S.*, 820 F.2d 768, 776 (6th Cir. 1987) (citations omitted).

Accordingly, plaintiff's first assignment of error should be sustained.[5]

### III. This matter should be reversed for an award of benefits.

When the non-disability determination is not supported by substantial evidence, the Court

---

[4]Although the ALJ noted the VE's testimony that plaintiff could perform other unskilled sedentary jobs as a charge account clerk and call out operator (Tr. 24), this evidence does not satisfy the Commissioner's Step Five burden of proof.  When a claimant cannot use acquired skills in other skilled or semi-skilled work, the claimant's work history is considered unskilled under 20 C.F.R. § 404.1565.  *See also* SSR 83-10 ("The ability to perform skilled or semi-skilled work depends on the presence of acquired skills which may be transferred to such work from past job experience above the unskilled level or the presence of recently completed education which allows for direct entry into skilled or semi-skilled work.").  Given an unskilled work history, the Grid would direct a finding of "disabled."  *See* 20 C.F.R., Part 404, Subpt. P, App. 2, §§ 201.04, 201.12.  "[W]here application of the grids directs a finding of disability, that finding must be accepted by the Secretary . . . whether the impairment is exertional or results from a combination of exertional and non-exertional limitations."  *Lounsburry v. Barnhart*, 468 F.3d 1111, 1115-16 (9th Cir. 2006) (quoting *Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th Cir. 1989)).  *See also Carson v. Barnhart*, 140 F. App'x 29, 39-40 (10th Cir. 2005) (noting that claimant had turned 55 during pendency of case and therefore was considered disabled pursuant to Grid even though VE had testified that he could perform some jobs); *Harrison v. Comm'r of Soc. Sec.*, No. 1:13-cv-58, 2014 WL 1232685, at *5 (W.D. Mich. March 25, 2014) ("When the requirements of a particular grid rule are met, the rule is conclusive rather than presumptive, and cannot be rebutted by expert vocational testimony.") (and cases cited therein ).

[5]In light of the finding that plaintiff is entitled to disability benefits under the medical-vocational guidelines, it is unnecessary to review the remainder of plaintiff's vocational arguments or the other asserted errors.

must decide whether to reverse and remand the matter for rehearing or to reverse and order benefits granted.   The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing."   42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).

Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec. of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley*, 820 F.2d at 782.   The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming.   *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).   Such is the case here.

Here, the proof of disability is overwhelming and remand would serve no purpose other than delay.   As discussed above, the Commissioner failed to meet her burden at Step Five of the sequential evaluation process to show that plaintiff is able to perform substantial gainful employment.   *Rabbers*, 582 F.3d at 652.   As the Commissioner has failed to meet her burden of proof showing that plaintiff has transferable skills from her past relevant work, Grid Rules 201.06 (for advanced age) and 201.14 (for closely approaching advanced age) direct a finding of disability.   The proof of disability is strong and the evidence to the contrary is lacking in substance.   A remand of this matter would only cause delay and give the Commissioner a "last chance" to meet the burden of proof which she has twice failed to meet.   Therefore, this matter should be reversed and remanded for an award of benefits.

14

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to

Sentence Four of 42 U.S.C. § 405(g) consistent with this opinion for an award of benefits.

Date: _3/31/15_

Karen L. Litkovitz
United States Magistrate Judge

15

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LINDA S. WATKINS                                     Case No. 1:14-cv-514
    Plaintiff,                                   Barrett, J.
                                                     Litkovitz, M.J.

    vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).