UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LINDA S. WATKINS, | CASE NO.: 1:14-cv-514 |
| Plaintiff, | Barrett, J. |
| | Litkovitz, M.J. |
| v. | |
| COMMISIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report"), which recommends reversing and remanding this Social Security matter pursuant to Sentence Four of 25 U.S.C. § 405(g) for an award of benefits. (Doc. 13). Notice was given to the parties pursuant to Fed. R. Civ. P. 72(b). (Doc. 13, PageId 1084). Defendant Commissioner of Social Security has filed objections to the Report (Doc. 14) and Plaintiff Linda S. Watkins has filed a response (Doc. 15). This matter is ripe for review.

**I.     BACKGROUND**

The procedural background and the pertinent facts have been adequately summarized in the Report (*see* Doc. 13), and thus, will not be repeated here. The undersigned, however, will identify the relevant background or evidence where necessary to address the objections.

**II.    STANDARDS OF REVIEW**

    **A. Objections**

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review,

1

the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate[ judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### B. Review of Commissioner's Determination

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a two-fold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence and (2) whether the ALJ applied the correct legal standards. *See Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The Court must also determine whether the ALJ applied the correct legal standards in the non-disability determination. Even if substantial evidence supports the ALJ's conclusion that the

plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimanat on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (internal quotations omitted); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545-46 (6th Cir. 2004) (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

### III. ANALYSIS

#### A. First Objection

In the first objection, Defendant contends that, contrary to the Magistrate Judge's determination, the ALJ properly relied on Plaintiff's position as an administrative clerk as "past relevant work" because (1) it was less than fifteen years since Plaintiff performed the job at the time of the initial ALJ decision on January 4, 2011, and (2) the fifteen-year cutoff is not a hard and fast rule and should not be applied where the VE testified at the second hearing in January 2013 in a manner demonstrating the VE believed that Plaintiff's skills from that job still would be applicable to future employment.

Plaintiff responds first by pointing out that it is Defendant's burden at step five of the sequential evaluation process.[1]  Next, Plaintiff contends that the fifteen-year period is measured from the date of adjudication pursuant to Ruling 82-62 (1982), such that the Court should consider the date of the second adjudication in 2013.  Plaintiff argues that when the 2013 date is utilized, the fifteen-year time limit applies to Plaintiff's work as an administrative clerk such that it cannot produce transferrable skills.  Finally, Plaintiff indicates that the Magistrate Judge

---

[1] The sequential evaluation process is set forth in the Report.  (Doc. 13, PageId 1070-71).

3

plainly noted in the Report that Defendant had not addressed Plaintiff's argument regarding the fifteen-year period such that any argument by Defendant on this basis is now waived.

Upon de novo review, the undersigned concludes that Defendant's objections fail for three reasons. First, "while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Here, the Magistrate Judge correctly recognized that "the Commissioner does not address plaintiff's argument that the ALJ committed vocational errors by relying on work that was performed more than 15 years prior to the date the ALJ issued her decision." (Doc. 13, PageId 1080). Thus, Defendant has waived that argument. *Murr*, 200 F.3d at 902 n.1 ("Issues raised for the first time in objections to [a] magistrate judge's report and recommendation are deemed waived.").

Second, assuming the argument is not waived, 20 C.F.R. § 404.1565(a) provides that the SSA will "consider that your work experience applies when it was done within the last 15 years" and the SSA does "not usually consider that work you did 15 years or more <u>before the time we are deciding</u> whether you are disabled (or when the disability insured status requirement was last met, if earlier) applies." *See also* Soc. Sec. Ruling 82-62, 1982 WL 31386, at *1-2 (1982) (emphasis added). At the time of the date of the adjudication on the second decision, more than fifteen years had passed since Plaintiff last performed the work as an administrative clerk. The work thus usually is not considered.

Third, the only caselaw cited by Defendant in which the usual rule of excluding work performed more than fifteen years from the date of adjudication was disregarded involved

4

unskilled work. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 418 (6th Cir. 2010); *Smith v. Sec'y of HHS*, 893 F.2d 106, 109 (6th Cir. 1989).[2]

Accordingly, the first objection is overruled.

### B. Second Objection

In the second objection, Defendant contends that the Magistrate Judge erred in her determination that the ALJ's conclusion that Plaintiff acquired administrative skills that would transfer to the job of scheduler is not supported by substantial evidence because the Vocational Expert's ("VE") testimony that Plaintiff would experience "more than very little" vocational adjustment did not establish that Plaintiff acquired skills that are transferrable with "very little, if any, vocational adjustment" as required under 20 C.F.R. Part 404, Subpt. P, App. 2, 201.00(f). Defendant contends that the Report mischaracterizes the VE's testimony, by focusing on the second part of the VE's testimony concerning adjustments to taking a new job with a new employer rather than on the testimony that the administrative clerk and scheduler positions were in the same and similar work fields, would involve the use of the same materials, products, and subject matter, and services.

Upon de novo review, the undersigned concludes that the Magistrate Judge correctly determined that the transferability of administrative skills was not supported by substantial evidence for this additional reason. Section 201.00(f) of 20 C.F.R. Part 404, Subpt. P., App. 2, states:

> In order to find transferability of skills to skilled sedentary work for individuals who are of advanced age (55 and over), there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry.

---

[2] As the Magistrate Judge recognized (Doc. 13, PageId 1081 n. 4), the Grid directs a finding of disabled upon a finding that Plaintiff could perform other unskilled sedentary jobs.

Further, as recognized in the Report, Social Security Ruling 82-41 further provides that to establish the transferability of skills for individuals such as Plaintiff, "the semiskilled or skilled job duties of their past work must be so closely related to other jobs which they can perform that they could be expected to perform these other identified jobs at a high degree of proficiency with a minimal amount of job orientation." Soc. Sec. Rul. 82-14, 1982 WL 31389, at *5 (1982). The burden is on the Commissioner at Step Five of the sequential evaluation process. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009).

As the Report correctly points out, the VE testified that there would be "more than very little" vocational adjustment in this matter. (Doc. 13, PageId 1079) (citing Tr. 72). The Report addressed the testimony of the VE to which Defendant points, and determined that the VE retracted the statement with later testimony and otherwise provided equivocal testimony regarding the significance of the vocational adjustment such that the testimony could not constitute substantial evidence. (Doc. 13, PageId 1079) (citing Tr. 71-72). The undersigned agrees with the analysis of the Magistrate Judge and incorporates it here. Accordingly, the undersigned concludes that the VE's testimony does not constitute substantial support for the transferability of the job of administrative clerk to the job of a scheduler. Accordingly, the second objection is overruled.

### C. Third Objection

Defendant's third objection is to the recommendation that the matter be reversed for an award of benefits pursuant to Sentence Four of 42 U.S.C. § 405(g). Defendant argues that the award of benefits is improper because not all factual issues have been resolved, and additional VE testimony is required to clarify whether Plaintiff had transferrable skills.

Upon de novo review, the undersigned agrees with the recommendation of the Magistrate Judge.  Benefits generally may be awarded immediately upon remand "only is all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Faucher v. Sec. of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).  It is appropriate for the Court to award benefits where the proof of disability is strong and opposing evidence is lacking in substance such that a remand for additional factfinding would involve merely the presentation of cumulative evidence, or where the proof of disability is overwhelming.  *Faucher*, 17 F.3d at 176; *Felisky*, 35 F.3d at 1041.

Here, the undersigned agrees with the Magistrate Judge that the proof of disability is strong and evidence to the contrary is lacking in substance.  Defendant has twice failed to meet its burden at Step Five of the sequential analysis to show that Plaintiff has transferrable skills from her past relevant work, as discussed above, and evidence showing such transferability is lacking in substance.  As a result, the Grid Rules 201.06 (for advanced age) and 201.14 (closely approaching advanced age) direct a finding of disability.  Remand of this matter would only cause delay.  Accordingly, the third objection is overruled.

## IV.    CONCLUSION

Having reviewed the Magistrate Judge's recommended disposition de novo in light of Plaintiff's objections, the Court concludes that the Magistrate Judge's analysis was thorough and correct.  Accordingly, Defendant's objections (Doc. 14) are **OVERRULED** and the Report (Doc. 13) is **ADOPTED**.  It is hereby **ORDERED** that the decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g) consistent with this Opinion and the Report for an award of benefits.

**IT IS SO ORDERED**.

                                             s/Michael R. Barrett
                                             JUDGE MICHAEL R. BARRETT
                                             UNITED STATES DISTRICT COURT