UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LINDA S. WATKINS,
   Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
   Defendant.

Case No. 1:14-cv-514
Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 20), the Commissioner's response (Doc. 21), and plaintiff's reply (Doc. 22).

On September 3, 2015, the Court reversed and remanded this case for an award of Disability Insurance Benefits. (Doc. 16). Upon plaintiff's motion, the Court awarded plaintiff $6,937.50 in attorney fees and $420.00 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Docs. 18, 19). Acting pursuant to § 406(b)(1)(A), the Commissioner withheld 25 percent of past due benefits—or $20,724.50—as a potential contingency fee to be awarded to plaintiff's counsel. (*See* Doc. 20 at 9). Plaintiff now seeks an award of $20,724.50 in attorney fees under § 406(b) for work performed before the Court.

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not

exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours

2

worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes,* 923 F.2d at 422.

Plaintiff asserts the requested attorney fee is reasonable given attorney James Roy Williams's background, 39 years of experience, and standard hourly rate of $350.00 an hour. (Doc. 20 at 2-3). Plaintiff argues that a fee award of $20,724.50 for 37.5 hours of work is presumed reasonable because it results in an hourly rate that is less than twice Williams's standard hourly rate. (*See id.* at 3). Plaintiff indicates that if the Court grants the requested fee award under § 406(b)(1), counsel will refund to plaintiff the previous EAJA fee award of $6,937.50. (*Id.*).

The Commissioner responds that some judges of this Court have found that hourly rates greater than $350 to $400 per hour would constitute a windfall. (Doc. 21 at 2). However, the Commissioner recognizes that "several [judges] in the [Court] have concluded that fee awards exceeding $400 per hour did not constitute a windfall." (*Id.* at 3). Further, the Commissioner notes that a different attorney represented plaintiff in the administrative proceedings before the agency and that he may also request fees for his representation of plaintiff. (*Id.*). Thus, the Commissioner argues that if this Court grants plaintiff's fee motion for Williams's work and the Commissioner grants fees to plaintiff's former attorney, the sum of those awards would potentially exceed the 25% of plaintiff's past-due benefit that the Commissioner has withheld for payment of attorneys' fees. (*Id.* at 3-4). Finally, the Commissioner contends that based on the

rule of *Dearing v. Sec'y of Health & Human Servs.*, 815 F.2d 1082 (6th Cir. 1987), the $20,724.50 withheld for attorney fees must be reduced by $392.94 to account for the benefits that were withheld more than three months after plaintiff's case was ripe for decision by the Court. (*Id.* at 5). Specifically, the Commissioner argues that plaintiff's case became ripe on April 18, 2015 because plaintiff filed her response to the Commissioner's objection to the Report and Recommendation on April 10 and the Commissioner's reply would have been due on April 17. (*Id.*). Based on the 4 months and 16 days that the case was pending before judgment was entered on September 3, 2015, the Commissioner calculated that 1.526 months of benefits—or $1,571.75—should be excluded from the past-due benefits calculation for purposes of determining the 25% maximum contingency award. (*See id.* at 5 & n.10). Thus, the amount available from the $20,724.50 withheld for attorneys' fees should be reduced by $392.94, which is 25% of $1,571.75. (*See id.* at 5).

In reply, plaintiff argues that the *Dearing* rule should not be enforced because plaintiff's counsel was not responsible for any delay in the case. (Doc. 22 at 2).

Here, the fee of $20,724.50 requested by plaintiff falls within the 25 percent boundary. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. In support of the Court's reasonableness inquiry, plaintiff has submitted a copy of the contingency fee agreement she entered into with counsel under which she agreed to pay counsel a contingency fee of 25 percent of past-due benefits. (Doc. 20 at 12). Plaintiff has also submitted itemized billing sheets demonstrating that her attorney performed a total of 37.5 hours of work on the case in this Court. (*Id.* at 5-6). Further, plaintiff has provided counsel's affidavit in which he asserts that his hourly rate for Social Security cases is $350.00 per hour "based on [his] background and experience and the office location in the downtown Cincinnati, Ohio area." (*Id.*

4

at 14). Finally, plaintiff has submitted tables from the Ohio State Bar Association's "The Economics of Law Practice in Ohio in 2013," which show that: (1) the hourly billing rate in Ohio for Social Security practitioners ranged from $210.00 at the 25th percentile to $350.00 at the 95th percentile; (2) the hourly billing rate for a practitioner with more than 36 years of experience ranged from $200.00 at the 25th percentile to $450.00 at the 95th percentile; and (3) the hourly billing rate in downtown Cincinnati ranged from $200.00 at the 25th percentile to $455.00 at the 95th percentile. (*Id.* at 15-16).

Dividing the requested fee of $20,724.50 by the 37.5 hours counsel worked on this case before the Court produces an effective hourly rate of $552.65. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 422 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
>
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id.*

5

The *Hayes* "floor" in this case is $26,250.00, which represents 37.5 hours times an hourly rate of $350.00 multiplied by 2.[1] Plaintiff's requested fee of $20,724.50 falls under this amount. While the Commissioner correctly notes that the Court at times has found awards resulting in an effective hourly rate of greater than $350.00 per hour to constitute a windfall, the Commissioner also recognizes that the Court has also approved fee awards resulting in much higher effective hourly rates. *Compare, e.g., Short v. Comm'r of Soc. Sec.*, No. 1:12-cv-574, 2015 WL 4465189, at *1, *7 (S.D. Ohio Jul. 21, 2015) (reducing effective hourly rate of $654.80 to $325.00, or slightly less than twice counsel's usual and customary rate of $165.00 per hour); *Stonitsch v. Astrue*, No. 1:09-cv-593, 2012 WL 5378744, at *1 (S.D. Ohio Oct. 30, 2012) (reducing effective hourly rate of $600.17 to $360.00 based on the Commissioner's argument that the higher requested amount was "out-of-step with the relevant market" and would constitute an "unreasonable windfall"); *Jones v. Astrue*, No. 3:09-cv-80, 2012 WL 3251865, at *3 (S.D. Ohio Aug. 8, 2012) (Report and Recommendation) (Merz, M.J.), *adopted*, 2012 WL 3763909 (S.D. Ohio Aug. 29, 2012) (Rice, J.) (reducing effective hourly rate of $750.00 to $360.00, or twice "a conservative hourly fee of $180.00"), *with, e.g., Buttrey v. Astrue*, No. 1:11-cv-357, 2016 WL 212960, at *3 (S.D. Ohio Jan. 19, 2016) (approving effective hourly rate of $650.00, which was "less than two times the top hourly billing rates for public benefits lawyers in Ohio," in light of counsel's background, experience, and work performed on the case); *Jodrey v. Comm'r of Soc. Sec.*, No. 1:12-cv-725, 2015 WL 799770, at *3, *4 (S.D. Ohio Feb. 25, 2015) (Report and Recommendation) (Litkovitz, M.J.), *adopted*, 2015 WL 1285890 (S.D. Ohio Mar. 19, 2015) (Barrett, J.) (approving effective hourly rate of $700.00). However, the Commissioner does not appear to challenge counsel's representation that his normal hourly rate for Social Security work

---

[1] Counsel for plaintiff attests that his hourly rate for work done on Social Security cases is $350.00. *See* Doc. 20 at 14.

is $350.00. (*See* Doc. 21 at 2-3). Given that counsel's asserted hourly rate of $350.00 falls within reasonable limits for an attorney with 36 or more years of experience practicing Social Security law in downtown Cincinnati, the Court concludes that it is proper to use this rate in calculating the *Hayes* floor. (*See* Doc. 20 at 15-16).

Additionally, the fee request is supported by the contingency fee agreement between plaintiff and attorney Williams and is therefore presumptively reasonable. *See Rodriquez*, 865 F.2d at 746. *See also Hayes*, 923 F.2d at 422. Under the contingency fee agreement, counsel is entitled to 25 percent of past due benefits, *i.e.*, $20,724.50. Further, counsel was not responsible for any of the delays in this case that increased the amount of back benefits awarded. Plaintiff filed for benefits in July 2008, an ALJ denied benefits in January 2011, the Appeals Council vacated that ALJ's decision and remanded for further proceedings in August 2012, and a new ALJ again denied benefits in February 2013. (*See* Doc. 13 at 1-2). It is hardly fair to hold plaintiff or counsel accountable for the lengthy delay in this case when such delay was caused by the Commissioner's repeated denials of plaintiff's claim through the administrative level and continued defense of the denial decision on appeal to this Court. The Court also notes that counsel for plaintiff did not request any extensions of time before the Court which would have caused an increase in past due benefits. Indeed, counsel's filings in this Court were made weeks before they were due.[2] *Cf. Gisbrecht*, 535 U.S. at 808 ("If the attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.").

---

[2] For example, counsel filed plaintiff's statement of specific errors on September 17, 2014, long before the due date of October 9, 2014. Similarly, plaintiff's reply, which was due on December 29, 2014, was filed on December 19, 2014. Plaintiff also had 14 days to file a response to the Commissioner's objection to the Report and Recommendation, but counsel promptly filed plaintiff's response after only one day.

7

The Commissioner also notes that granting the full amount of plaintiff's fee request to attorney Williams may not be appropriate because a different attorney represented plaintiff in the administrative proceedings, and that attorney could request fees from the agency for his representation of plaintiff as well. (Doc. 21 at 3-4). However, there is no evidence before the Court that the attorney who represented plaintiff in the administrative proceedings has filed or will file a fee petition. Thus, reducing the attorney fee award on this basis would be speculative. The Commissioner's argument concerning plaintiff's prior attorney does not impact the Court's analysis on the current fee petition.

The Commissioner's final argument is that a small reduction in the requested fee is necessary under the rule in *Dearing*. (Doc. 21 at 5). In *Dearing*, the Sixth Circuit held that attorney fees "may not in any event be greater than 25 percent of the amount of back benefits accumulated by three months after the case was ready for decision by the district court." *Dearing*, 815 F.2d at 1084 (citing *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972)). Plaintiff accurately asserts that any delay in this case was not attributable to him. (Doc. 22 at 2). However, in defining the rule in *Dearing*, the Sixth Circuit expressly noted that the delays in that case were "not chargeable . . . to any fault of counsel." *Dearing*, 815 F.2d at 1083.

The Court finds that the rule in *Dearing* has not been overruled. This Court continues to rely on it in its decisions. *See, e.g., Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-637, 2014 WL 5308595, at *1 (S.D. Ohio Oct. 16, 2014) (Report and Recommendation) (Kemp, M.J.), *adopted*, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014) (Smith, J.); *Willis v. Comm'r of Soc. Sec.*, No. 1:10-cv-594, 2014 WL 2589259, at *5 (S.D. Ohio Jun. 10, 2014); *Boston v. Comm'r of Soc. Sec.*, No. 1:10-cv-408, 2014 WL 1814012, at *1 (S.D. Ohio May 7, 2014); *Pickett v. Astrue*, No. 3:10-cv-177, 2012 WL 1806136, at *1 (S.D. Ohio May 17, 2012); *Cabrera v. Comm'r of Soc. Sec.*,

No. 2:08-cv-1087, 2011 WL 4360019, at *1 (S.D. Ohio Sept. 19, 2011). Plaintiff has not challenged the accuracy of the Commissioner's computation of the amount that should be deducted from the fee award under the *Dearing* rule. Accordingly, the fee award will be reduced by $392.94, resulting in a total fee award of $20,331.56.

Finally, the Court notes plaintiff's representation that upon receipt of the § 406(b) award, counsel will remit to plaintiff the EAJA fee of $6,937.50 as required under *Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be awarded to the client). In view of these considerations, and having reviewed the fee request in light of the remaining criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $20,331.56 is reasonable for the work plaintiff's counsel performed in this Court.

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's motion for an award of attorney fees under § 406(b) and costs (Doc. 20) be **GRANTED IN PART** and counsel be **AWARDED $20,331.56** in attorney fees.

Date: 2/11/2016

Karen L. Litkovitz
United States Magistrate Judge

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LINDA S. WATKINS,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:14-cv-514
Barrett, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).